NOTE.—Syllabus by the Court.

---

## Commonwealth v. Pulici.

*Forfeited recognizance—Disposition of cash deposited in lieu of bail—Act of May 1, 1919.*

1. A petitioner asking to have money deposited by him as security for the appearance of a defendant in a criminal trial has no standing to ask the court to order the money to be paid to him. The issue is between the Commonwealth and the defendant only.

2. The Act of May 1, 1919, P. L. 102, specifically provides for a cash deposit by the defendant, and the record should never show that the money deposited belonged to any one else.

3. The object of bail is to secure the appearance of a defendant for trial, and the surety may be relieved in a proper case upon equitable principles. Where a defendant was arrested and made a cash deposit for his appearance for trial in Northampton County, and before trial was again arrested for another offence, for which he was convicted and sentenced to the Eastern Penitentiary by the court of another county, it is proper to order the return of the cash deposited to him.

Petition of stranger to the record for the return of money deposited to secure the appearance of defendant. Q. S. Northampton Co., June Sess., 1925, No. 40.

*Francis H. S. Ede*, for prosecutor; *Jacob A. Raub, Jr.*, for petitioner.

*Robert E. James*, District Attorney, for Commonwealth.

STEWART, P. J., June 28, 1926.—This is a petition by Joseph Pulici, asking that bail money deposited by him as security for one Thomas A. Pulici be returned to the petitioner. He alleges that the $500 deposited belonged to him; that he deposited it to obtain the release of his brother, Thomas A. Pulici, who was a defendant in a charge of statutory burglary; that the said Thomas A. Pulici was bound to appear at February Sessions last, and that, prior to said term, he was arrested and tried by the court of Monroe County, and that he was sentenced to the Eastern Penitentiary for a term of not less than four years nor more than eight years; that by reason of his being confined in the penitentiary he could not appear in this court for trial. Herbert F. Jones, the prosecutor, filed an answer, in which he admitted that the money belonged to Joseph Pulici, and claimed that the money should be paid to him by reason of an agreement which was entered into by Thomas A. Pulici and his counsel, with the consent of the district attorney, that he would pay Jones for all damages which he had suffered; and he has a further averment that the amount of his damages was $400. (Although the pleadings do not aver it, it was stated at bar that the damages were to an automobile that was stolen by the defendant.) The controversy on the record is thus between Joseph Pulici and Herbert F. Jones, instead of being between the Commonwealth and Thomas A. Pulici. In the case of Com. v. Atriano, 16 Northamp. Co. Repr. 149, a case where a brother deposited money and wanted to get it back, we held: "Where the record shows that the defendant deposited cash bail for his appearance in court, the money must be considered in legal contem-

### Commonwealth v. Pulici.

plation to be the property of the defendant, and the petitioner is not entitled to a return of same." That case was prior to the Act of May 1, 1919, P. L. 102, which provides for a cash deposit in lieu of bail. Under that act, only the defendant is entitled to make the deposit, and what we said in above case applies with the added force of a statute to the present case. We instructed the clerk never to receive money except as the money of a defendant, and to give no receipt except to the defendant, and we understand from him that that practice was followed in this case. We must treat this money as the money of the defendant and not of the brother, but, so far as Mr. Jones is concerned, he is not entitled to ask that the money should be paid to him. His claim for damages cannot be adjusted by this court. In Com. v. Eckert, 18 Northamp. Co. Repr. 39, we examined the matter at some length. The syllabus of that case is: "The defendant was alleged to have committed a felonious assault upon the petitioner. He was arrested, gave bail in the sum of $500, and defaulted when the case was called for trial. The district attorney collected the bail money. Petitioner alleged that he had spent a certain sum for medical services, and had lost wages, by reason of his injuries, to a large amount. He claimed the bail money, after deducting the costs of the criminal case and the costs of its collection, under the Act of July 30, 1842, P. L. 449: Held, that he was not entitled to recover, and that the word 'damage' does not cover the petitioner's loss as set out." We have thus disposed of the petitioner's and Jones's claims. The district attorney contended that the money should not be paid to the defendant; that, upon the merits, he should not get the money back, because he did not appear for trial in this county; that when he committed another offence and was convicted and sent to the Eastern Penitentiary, it was all a wilful act of the defendant, and that his not being here for trial was due to his wilful misconduct. That view loses sight of the object of bail. It is commonly said that bail is taken for a defendant's appearance in court for trial, and that is true. If a defendant runs away and is apprehended, it has been our practice to strike off a forfeited recognizance after the deduction of costs and expenses. In Com. ex rel. v. Stegmaier, 5 Kulp, 502, where the defendant was sick at the time of trial and could not appear, a forfeited recognizance was relieved from upon same conditions. Courts usually act in these matters by granting relief in proper cases upon equitable principles. That a confinement in a penitentiary is more than a voluntary act of the defendant appears when we consider what the result would be if the defendant had been arrested and confined in the Monroe County Prison, and was awaiting trial at the time when his case was called for trial here. He would be in default as to us, and yet if he were acquitted in Monroe County in a subsequent trial, he certainly was not guilty of having caused the default here. Again, he is in a safe place now. There is nothing to prevent the district attorney lodging a detainer for him and bringing him back for trial after the expiration of his term in the Eastern Penitentiary. What the Commonwealth seeks is to procure the defendant for trial, and while the trial may be delayed, he is just as secure in Philadelphia as he would be in Easton. We understand that the defendant has already paid the prosecutor $125 out of this fund. That is a voluntary payment, and that matter is ended, but the balance is defendant's. As the Commonwealth appeared in this hearing, we make the following order:

And now, June 28, 1926, the clerk is directed to deduct all costs in the case of Commonwealth v. Thomas A. Pulici, including the costs of these proceedings, and to pay the balance to the defendant or his attorney.

From Henry D. Maxwell, Easton, Pa.